IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:17CR00907-001RBH |
| | ) | |
| vs. | ) | |
| | ) | |
| Bobby Paul Edwards, | ) | |
| Defendant. | ) | |
| _____ | ) | |

# MOTION FOR VARIANCE

YOU WILL PLEASE TAKE NOTICE that the Defendant, by and through undersigned counsel, will move before this Court, at Defendant's, for a variance in his sentence.

Because of the United States Supreme Court decision in *United States v. Booker*, 543 US 220 (2005), the Sentencing Guidelines are now effectively advisory.

The Fourth Circuit Court of Appeals has addressed this issue. According to *United States v. Hughes*, 396 F3d 374 (2005), the United States Sentencing Guidelines are no longer mandatory. The Guidelines are still important at sentencing, but are one of several components that should be weighed in calculating a sentence. In addition to considering the Guidelines, the Court should consider all of the factors in 18 USC § 3553 (a). See *Gall v. United States*, 552 US 38 (2007). In fact, Courts may vary from the guideline ranges based solely on policy considerations, including disagreements with the Guidelines (*Rita v. United States*, 551 US 338 (2007).

18 USC § 3553 mandates that the District Court impose sentences "sufficient, but not greater than necessary" in light of the purposes of sentencing.

1

## FACTS

The Defendant is the sole defendant named in a one-county Superseding Indictment with forfeiture provisions in the District of South Carolina, Florence Division on December 6, 2017. He pled guilty to Forced Labor, in violation of Title 18, United States Code, Sections 2, 1589(a), and- 1594(a). He entered his guilty plea on June 4, 2017.

## CHARACTERISTICS OF THE DEFENDANT

This Defendant is currently 54 years old and grew up in Horry County, South Carolina. The Defendant was the owner of Olympia Skating Arena and Outer Limits Restaurant from March of 2017 until his arrest in October of 2017. He is divorced and has two sons, one of which is severely Autistic. Besides his wife, he is the primary care giver for his Autistic son. He is not a gang member.

## ARGUMENT

The Defendant is guilty of forced labor by means of force, threats of force, physical harm and threats of physical harm as outlined in 18 U.S.C. § 1989 and detailed in both the Plea Agreement and the and the Revised Pre-Sentence Report. The Defendant has not objected and will not argue whether the use of the "tongs" does or does not constitute "use of a dangerous weapon" as set out in U.S.S.G § 2H4.1(b)(2). The Defendant leaves this determination to the Court.

2

The Defendant accepts responsibility for his crime and that there is due the required special assessment of $100 to the Clerk of the United States District Court.  His guideline range is 108 to 135 months (Level 30, Zone D & Criminal History of II). The Defendant believes he is not a violent person despite the Assault & Battery charge in 2014 which was Nolle Prossed in 2017, and his conduct in this case.  According to his employment record, the Defendant has been gainfully employed except for the period of time he was on home detention.  While the Defendant acknowledges that he must be punished, a sentence that requires a lengthy incarceration is too harsh.  The Defendant further acknowledges that he has earned his punishment but believes the guideline range is greater than necessary given the totality of the circumstances.

The Defendant acknowledges that he must pay restitution to his victim in the amount of $272,952.66.  The Defendant believes that upon release from incarceration he will be able to earn and pay the victim this amount.  The Defendant, however, requests the Court not Order him to pay liquidated damages as argued for by the Government in its Sentencing Memorandum.  In accord with 18 § 1993(d) the Defendant believes that restitution in the amount of $272,952.66 represents the full amount of his victim's losses.

Further, the victim has filed a civil lawsuit arising out of this criminal matter in which, through counsel, the victim seeks to recover the full amount of his losses. (See: Smith v. Edwards, et al. – 4:15-cv-04612-BHH-TER).  The purpose of restitution is meant to compensate the victim and to put the victim in the same position he or she would have been absent the wrong doing.  The Defendant requests that to the extent, if any, the victim recovers monies in the civil litigation referenced above, he receives credit against any restitution and/or liquidated damages which this Court orders him to pay the victim.  If the victim collects from both the civil litigation and the

restitution and/or liquidated damages he will have recovered twice for the same wrong which is contrary to the purpose of restitution.

## CONCLUSION

Therefore, based upon the characteristics of this Defendant and the characteristics and nature of this offense, the Defendant respectfully requests a variance and for such other relief as argued for herein.

Respectfully submitted,

s/Robert E. Lee
Robert E. Lee, Esquire
Federal Bar No.: 5509
111 Witcover Street
P.O. Box 1096
Marion, S.C. 29571
Telephone:    (843) 423-1313
Facsimile:    (843) 423-1397
rel@rellawfirm.com

November 4, 2019                                Attorney for Defendant

4

# **CERTIFICATE OF SERVICE**

I, Robert E. Lee, Esquire have this the 4th day of November, 2019, served counsel of record by electronic noticing system of the forgoing ***Motion for Variance***.

**Alyssa Leigh Richardson, Esquire**
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201

**Jared Fishman, Esquire**
Assistant United States Attorney
Patrick Henry Building
601 D Street NW, Room 5118
Washington, D.C. 20004

**Lindsey N. Roberson, Esquire**
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530

**Anne Hunter Young, Esquire**
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201

s/ Robert E. Lee
Robert E. Lee – Federal Bar No.: 5509
Post Office Box 1096
Marion, South Carolina 29571
Telephone:   (843) 423-1313
Facsimile:    (843) 423-1397
rel@rellawfirm.com